## WILLIAM A. BANCROFT *versus* DAN PARKER.

The defendant signed a writing in which he recites, that the plaintiff has delivered to him to keep, " one horse of the value of 100 dollars," and he promises to keep the same until called for and then to deliver it to the plaintiff, and to save tne plaintiff harmless from all costs, trouble and expense that shall arise to him in conse· quence of his entrusting the property to the defendant. The plaintiff afterwards demanded the horse and it was delivered to him, but he gave the defendant notice that he received it only in part satisfaction of the contract, because it had been injured. The plaintiff then sold it for less than 100 dollars; and in an action of assumpsit on the written contract, to recover for the alleged injury, it was *held*, that the writing was only *primâ facie* evidence of the value of the horse at the time when it was received by the defendant, and that for the purpose of ascertaining the damages sustained by the plaintiff, parol evidence was admissible to show its true value at that time.

ASSUMPSIT. At the trial in the Court of Common Pleas, before *Strong* J., it appeared that the plaintiff, who was a deputy-sheriff, attached a horse, on a writ in favor of one Hartwell against Job Parker, and delivered it to the defendant, taking from him the following receipt, upon which this action was brought : — " Middlesex ss. October 17th, 1829. Whereas William A. Bancroft has this day, at request, delivered into my hands the following property to keep, namely, one horse of the value of one hundred dollars, I promise safely to keep the aforesaid property until the said Bancroft, or his order, shall call for it, then to deliver it to him or his order, at such time and place as he shall appoint. And I do further promise that I will save and keep harmless the said Bancroft from all costs, trouble and expense that shall or may arise to him in consequence of his entrusting said property in my hands." Afterwards the plaintiff demanded the horse of the defendant, in order that he might levy Hartwell's execution upon it. The horse was offered to the plaintiff, but he objected to receiving it in satisfaction of the receipt, because he said it was lame and depreciated in value, and he gave notice to the defendant that he should receive it only in part satisfaction of the receipt. The horse was thereupon taken on execution and sold for 37 dollars, but the execution was satisfied only in part. It was proved that the defendant used the horse while it was in his care, on his farm and otherwise, and frequently let it to divers persons.

The defendant then offered to prove by parol evidence, that the horse, at the time when the receipt was given, was worth less than 100 dollars. The plaintiff objected to this evidence ; but the judge ruled, that the receipt was only *primâ facie* evidence of the value, and that it was competent for the defendant to show, by parol evidence, the actual value of the horse at the time when it was receipted for, notwithstanding the words of the receipt, and the evidence was admitted.

A verdict was returned for the plaintiff for one dollar damages.

To the foregoing ruling of the judge the plaintiff excepted.

*Farley* and *B. Russell*, in support of the exception, insisted that the receipt was conclusive evidence of the value of the horse, and that parol evidence was not admissible to vary the written contract. The use of the horse by the defendant was a conversion, and trover might have been maintained ; but under the circumstances of the case, assumpsit is substantially the same thing, for the plaintiff's purpose. The estimated value of the horse, in case it should not be returned at all, was 100 dollars ; and it must be considered as not having been returned, since through the fault of the defendant, it was not in the condition in which the plaintiff was bound to receive it, and he gave notice that he took it again only in part satisfaction of the defendant's contract. It is difficult to perceive how the receipt could be considered *primâ facie* evidence of the value ; it was either conclusive, or it was no evidence at all on that point. *Stackpole* v. *Arnold*, 11 Mass. R. 27 ; *Barker* v. *Prentiss*, 5 Mass. R. 430 ; *Richards* v. *Kilham*, 10 Mass. R. 244 ; *Murray* v. *Hatch*, 6 Mass. R. 477 ; *Hunt* v. *Adams*, ibid. 519 and 7 Mass. R. 518 ; *Bradford* v. *Manly*, 13 Mass. R. 139 ; *Mumford* v. *McPherson*, 1 Johns. R. 414 ; *Bayard* v. *Malcolm*, ibid. 461 ; *Jewett* v. *Torrey*, 11 Mass. R. 219 ; *Jenney* v. *Rodman*, 16 Mass. R. 464 ; *Drown* v. *Smith*, 3 N. Hamp. R. 299 ; 2 Com. Contr. 532.

*Lawrence* for the defendant.

*Per Curiam.* The plaintiff contends that he was entitled to recover 100 dollars, deducting the price for which the

Bancroft
*v.*
Parker.

*Oct. 19th.*

*Oct. 20th.*

horse was sold and which was received by him, on the ground that the sum of 100 dollars, named in the defendant's receipt, was liquidated damages for the non-performance of the contract. But we all think it could not be so considered, unless the defendant wilfully refused to return the property. In that event he would be estopped to say that it was of less value than that stated in the writing ; and having the power to return it, or having voluntarily deprived himself of the power, the presumption of law would be, that it had been at least of the value stated in the contract.

But the property has been returned. It was not accepted in full satisfaction, on account of some alleged injury ; but subject to a claim for indemnity for that injury, it has been re-delivered in part-performance at least of the contract. No action could be maintained upon an allegation, simply, that the horse had not been returned on demand. The fact was otherwise. The plaintiff, then, having the possession of the property, his only claim was for any damage or injury it had received from the defendant. It was for the plaintiff to show the injury ; and it was a question of damages on that part of the receipt, by which the defendant was to keep the property safely and indemnify the plaintiff. If the horse had been returned in as good condition as when received by the defendant, and had been sold on the execution for less than the value stated in the receipt, it is admitted by the plaintiff that the defendant would not have been liable to pay the difference. But if the defendant is assessed in damages so much as would be a sufficient compensation for the injury sustained through the defendant's want of care, then in effect the contract is performed just as if the injury had not happened. The judge, we think, decided correctly, that the value stated in the receipt was not conclusive, but *primâ facie* evidence, for the consideration of the jury ; and parol evidence, under the circumstances, of the value of the horse at the time when it was delivered to the defendant, was properly admitted, to ascertain the damages for the injury for which this action was brought.

We are all of opinion that the judgment of the Court of Common Pleas should be affirmed.